Margaret Mohr **RHODES**, a California resident, Plaintiff-counter-defendant—Appellee,

Harold B. Rhodes, a California Resident, Plaintiff-counter-claimant—Appellee,

v.

**RHODES MUSIC CORP.**, a California Corporation, et al., Defendants—Appellants,

Joseph A. Brandstetter, a New York resident, Defendant-counter-claimant—Appellant.

No. 01–56430.

D.C. No. CV–99–10057–DT.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 6, 2002.

Decided May 28, 2002.

Before LAY,* CANBY, and PAEZ, Circuit Judges.

## MEMORANDUM **

Joseph Brandstetter, Rhodes Music Corporation and Piano & Music Mart Retail Corporation appeal the grant of summary judgment in favor of Margit Mohr Rhodes. Because we conclude that there is a triable issue of fact whether and to what extent Harold Rhodes consented to the appellants' use of his name, likeness and trademarks, we vacate the summary judgment and remand for trial.

Because all parties are familiar with the facts, we refer to them only very briefly here. Over the course of the 1990s, Harold Rhodes entered into several agreements with Brandstetter, allowing Brandstetter to use Rhodes' name and likeness in certain limited ways. Two of these agreements envisioned the use of Rhodes' name and likeness through one of Brandstetter's corporations, E–Z Way Productions, Inc. One agreement was between Brandstetter personally, Rhodes, Rhodes' wife, and Rhodes' son.

At summary judgment the district court found that there had been other, unauthorized uses of Rhodes' name, marks and likeness by Brandstetter and the defendant corporations, and the court awarded damages.

We review de novo a grant of summary judgment. *Chevron U.S.A. Inc. v. El–Khoury*, 285 F.3d 1159, 1162 (9th Cir. 2002). Summary judgment is appropriate only when, with the evidence viewed in the light most favorable to the nonmoving party, there are no genuine issues of material fact. *Id.*

Brandstetter testified, in the form of a sworn declaration, that Harold Rhodes consented to all of Brandstetter's and Rhodes Music Corporation's uses of the name, marks and likeness. The district court excluded all the testimony about Rhodes' oral consent as hearsay. This was error.

Brandstetter's testimony was "evidence of an oral agreement." *West Coast Truck Lines, Inc. v. Arcata Community Recycling Center, Inc.*, 846 F.2d 1239, 1246 (9th Cir.1988). Such evidence "is not offered to prove the truth of the matter stated. Rather, [it] is offered simply to show that the statement was made." *Id.* "[S]tatements which may themselves affect the legal rights of the parties are not considered hearsay under the Federal Rules of Evidence." *Id.*, citing Fed.R.Evid. 801(c) advisory committee's note.

Brandstetter's testimony regarding Rhodes' consent should not have been excluded. Had the testimony been admitted, it would have created a genuine issue of material fact: whether the challenged uses of Rhodes' name, marks and likeness were authorized. Summary judgment is improper where there is a genuine issue of material fact. We therefore reverse the judgment of the district court and remand the matter for trial. Because the award of attorneys' fees was dependent upon the judgment, we vacate that award.

**REVERSED and REMANDED.**

---

* The Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.